McChesney, Secretary of State v. Batman, &c.

Case 38.—MANDAMUS PROCEEDING BY THOMAS J. BATMAN
AND OTHERS AGAINST H. V. McCHESNEY, SECRETARY
OF STATE, TO COMPEL HIM TO RECORD IN HIS OFFICE
ARTICLES OF INCORPORATION.—October 26.

## McChesney, Secretary of State v. Batman, &c.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiffs. Defendant appeals. Affirmed.

1. Corporations — Articles of Incorporation — Compliance With
   Statutory Provisions—Articles of incorporation, which state
   the principal place of transacting the business of the cor-
   poration, comply with Ky. Stats. 1903, sec. 539, prescribing
   what the articles of incorporation shall contain, though they
   fail, as required by subdiv. 7 of the section, to show the
   place at which the officers of the corporation are to be elected,
   as the election of officers is a part of its business and must
   be transacted at its principal place of business.
2. Mandamus—Public Officers—Recording Articles of Incorporation
   —Where articles of incorporation comply with the statute,
   the Secretary of State has no discretion as to whether the
   articles shall be filed and recorded in his office, but he must
   file and record them, and he may be compelled to do so by
   mandamus.

N. B. HAYS, Attorney General, and C. H. MORRIS for appellant.

1. We contend that the nine requirements set out in the stat-
utes are necessary steps to the formation and obtaining of powers,
of and by a corporation. The following have been held to be
conditions precedent to such organization:

Filing articles of incorporation with the county clerk (Abbott
v. Omaha Smelting Co., 4 Neb., 416); recording articles in the
proper county (Childs v. Hurd, 32 W. Va., 66); obtaining author-
ization of district attorney (Spencer v. Cook, 16 La. Ann., 153);
publishing articles of association, and filing articles of same
(Biglow v. Gregory, 73 Ill., 197); publishing articles of incorpor-
ation (Heining v. Adams and Westlake, 81 Ky., 300, under old
law). If any one of the nine requirements of our statutes is

McChesney, Secretary of State v. Batman, &c.

a condition precedent, then all are; and if so, who had the right to say whether or not these conditions have been fulfilled? It seems to us the only answer is the Secretary of State; and if so, then he certainly has some judicial or discretionary power.

2. We submit that the Secretary of State is placed in his office as an agent of the State, to see to it that the party desiring to make a contract with the State shall comply with and conform to the conditions of the law upon which they may contract with the State.

3. If the court should be of the opinion that the duties of the Secretary of State are not purely ministerial, or if held to be ministerial, are of such a nature and character as permit the exercise of judgment and discretion in their performance, especially in relation to the subject under discussion, then our contention that mandamus will not lie is clearly upheld in a long line of cases by the principles enunciated in the following, of a great many of like import: Secretary v. McGarrahan, 9 Wall. (U. S.), 298; Decatur v. Paulding, 14 Peters (U. S.), 497; Commissioner of Patents v. Whitely, 4 Wall. (U. S.), 522; State v. Kendall, 15 Neb., 262, and the court said: "The only acts which courts can rightfully control are such as are purely ministerial, and with which nothing like judgment or discretion is connected." (Citing U. S. v. Seaman, 17 How. [U. S.], 225; U. S. v. Guthrie, 17 How. [U. S.], 284; State v. Governor, 22 Wis., 110; People v. Contracting Board, 27 N. Y., 378.)

BURWELL K. MARSHALL for appellee.

## AUTHORITIES AND POINTS.

1. Mandamus defined and procedure. (Civil Code, secs. 477, 474, 444 to 449.)

2. Frishe Distillery Co. Articles conform to statute. (Ky. Stats., sec. 539, and sec. 551 [place of directors election].)

3. Substantial compliance with the requirements of the statute is all that is necessary. (Mokelumne Hill Canal and Mining Co. v. Woodbury, 14 Cal., 424.)

4. Only provision of statute for formation of business or commercial corporations which in any way refers to secretary of State is sec. 540, Ky. Stats.

5. Provisions of new corporation law as far as duties of secretary of state are the same as the old law. (Acts 1891-2-3, chap. 171, art. 1, sec. 3, being the same as Ky. Stats., sec. 540, Gen. Stats., Bullitt & Feland's Edition of 1881, chap. 56, secs. 1, 2, 3, 5 and 6.)

6. Neither the corporation nor the person dealing with it or its property, nor any person injured by it, can call in question the legality of its organization either under the old corporation law

or the new corporation law. (Gen. Stats. 1881, chap. 56, secs. 17 and 18; Ky. Stats. 1903, sec. 566.)

7. Court of Appeals of Kentucky have decided that want of legal organization can not be called in question by persons dealing with the corporation, or injured by it, nor by the corporation itself. (Walton v. Riley, 85 Ky., 413; Portland and Greenwood Turnpike Co. v. Bobb, 88 Ky., 229; Commonwealth v. Licking Valley Building Association, 26 Ky. Law Rep., 730.)

8. Case of Heinig v. Adams & Westlake Mfg. Co., 81 Ky., 300, overruled in Walton v. Riley, 413.

9. Corporation is created from time articles are recorded in county clerk's office as far as the right of any one except the State to question legality of its organization. (Walton v. Riley, 85 Ky., 413; Commonwealth v. Licking Valley, &c., 26 Ky. Law Rep., 730.)

10. Who can incorporate, what articles shall specify, and how-executed. (Ky. Stats., secs. 538, 539, 540; sec. 566, Ky. Stats., shows want of legal organization is not a defense.)

11. Attorney General's duty to see corporation conforms to law. (Ky. Stats., 569.)

12. All general laws relating to corporations repealed by act of April 5, 1893, chap. 171, Session Acts 1891-2-3, sec. 273, p. 734.),

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

By sec. 538, Ky. Stats. 1903, any number of persons, not less than three, may associate to form certain corporations. Then follow secs. 539 and 540, which read as follows:

"Sec. 539. Such persons shall execute articles of incorporation which shall specify: (1) The name of the corporation, which shall be such as to distinguish it from any other corporation engaged in the same business, or promoting or carrying on the objects or purposes in this State. (2) The name of the city or town and county in which its principal office or place of business is to be located. (3) The nature of the business, or objects or purposes proposed to be transacted, promoted or carried on. (4) The amount of its capital stock, if any, and the number of shares into which the same shall be divided. (5) The names

vol. 121—20

and places of residence of each of its stockholders, and the number of shares of stock subscribed by each. (6) The time when it is to commence, and the period it is to continue. (7) By what officers or persons the affairs of the corporation are to be conducted, and the time and place at which they are to be elected. (8) The highest amount of indebtedness or liability which the corporation may at any time incur. (9) Whether the private property of the stockholders, not subject by the provisions of the law under which it is organized, shall be subject to the payment of corporate debts, and if so to what extent.

"Sec. 540. The articles shall be signed and acknowledged by the parties thereto before any officer authorized to take acknowledgments to deeds, and recorded in the county clerk's office of the county in which its principal office or place of business is to be located, and a copy thereof shall be filed and recorded in the office of the Secretary of State; and said articles, or a certified copy thereof, may be used as evidence in any action for or against such corporation; and all amendments thereto shall become a part of the original articles."

Thomas J. Batman, Thomas J. Batman, Jr., and A. S. Batman on May 17, 1905, entered into articles incorporating the Frishe Distillery Company, which they signed and acknowledged before the Jefferson county clerk and had recorded in his office. They then tendered to the appellant, as Secretary of State, a copy of the articles, with the license tax required by law, and requested him to file and record them in his office, which he refused to do, upon the ground that the articles of incorporation did not conform to the statute. They then filed their petition in the Franklin Circuit Court praying a mandamus com-

pelling him to file and record the articles of incorporation. He demurred to the petition, and, the case being heard on the demurrer, the court awarded the mandamus as prayed, and he appeals.

The only defect relied on in the articles of incorporation is that they fail to comply with subdiv. 7 of sec. 539, in that they do not show the place at which the officers of the corporation are to be elected. In all other respects it is conceded that the articles conform to the statute. The articles of incorporation explicitly state that the principal place of transacting the business of the corporation shall be Louisville, Ky. The election of the officers of the corporation is a part of its business, and must be conducted at the corporation's principal place of business, unless it is otherwise specified. We therefore conclude that, as that is expressed which may be fairly implied, the articles substantially comply with the statute.

It is the duty of the Secretary of State only to record in his office such articles of incorporation as the statute provides for. If articles of incorporation are tendered to him for a corporation not included in the statute, he should not accept or record them, or if the articles are not duly acknowledged, or if they fail in any substantial particular to comply with the statute, he may refuse to record them. But, where the articles of incorporation substantially comply with the statute, he has no discretion, and may be compelled by mandamus to file and record them.

Judgment affirmed.